.The opinion of the court was delivered by
White, J.
On the eleventh of November, 1874, plaintiff sued de *547 fendant in the late Superior District Court. The petition contained a prayer for an attachment, and that E. K. Bryant, among others, be made garnishee; the prayer was for judgment against the defendant and garnishees, E. K. Bryant being among the number, with lien and privilege on the property attached. E. K. Bryant was served with the usual interrogatories on the 17th of November, 1874; on the 27th of that month he answered as follows :
To the first question, which was couched in the usual printed form, and called upon him to answer whether he had under his control directly or indirectly any money, rights, credits or other property whatsoever directly or indirectly belonging or due to the said defendant in execution, etc., the question concluding with, “you being asked to make full disclosure in answer to the same,” he said : “ That at the date of the service of these interrogatories affiant was one of three liquidators appointed to wind up the affairs of the Louisiana Mutual Insurance Company, when the assets of said company were placed under charge of. affiant and his co-liquidators; subsequently these assets have been taken out of his charge by the appointment of a receiver by this honorable court, and he is unable to give a list or valuation of the same.”
To the second question, likewise framed in the usual form, and asking if he was indebted in any way, etc., and requiring full disclosure, he answered, “No.”
To the accustomed third interrogatory he answered, also, “ No.”
On the 27th November, 1874, R. S. Howard, receiver of the Louisiana Mutual Insurance Company, answered by a general denial. Judgment was rendered below against the company, and on appeal this court amended the decree by allowing the plaintiff a privilege on the property attached. The present controversy results from a rule taken on the 10th February, 1879, against E. K. Bryant, garnishee, directing him to ■show cause on Thursday, February, 27, among other things, “ why the same judgment rendered against the defendant should not be rendered against him on the answers filed by him; and because he has neglected and evaded and failed to answer some of the interrogatories propounded to him.” Bryant excepted by pleading to the jurisdiction of the court. He charged the absolute nullity of -the judgment against the defendant company, owing to want of jurisdiction in the Superior Dictrict Court to entertain a demand against a corporation not established by legislative act. He further excepted by pleading the prescrip - tion of twenty judicial days. The lower court maintained the first •exception, and dismissed the rule, whereupon plaintiff in rule appealed. The opinion we have formed as to the plea of prescription will render it unnecessary to pass upon the many other questions presented by counsel.
*548 Act No. 27, approved March 28, 1877, provides as follows : “That hereafter in all cases where plaintiff desires to disprove or traverse the answer to interrogatories propounded to a garnishee, under a writ of attachment or of fieri facias, he shall, within twenty judicial days after said garnishee shall have filed his said answer, file a rule in-court, or institute other proceedings against said garnishee for the purpose aforesaid; and upon the failure of said plaintiff to file a rule or institute other proceedings as aforesaid, any property, rights or credits, in the hands of said garnishee shall, by the mere fact of said failure, be considered as released from seizure under said writ of attachment or fien facias.”
The answers of the garnishee were filed, as we have seen, on the 27th of November, 1874, and the rule now before us only on the 10th February, 1879. It is urged that the provisions of the act of 1877 do not apply. 1st. Because its terms only reach process initiated subsequent to its passage. 2d. Because this proceeding is not a traverse of the answers of the garnishee, but simply an effort to have his liability fixed, growing out of his failure to answer directly, or the evasiveness of the answers filed.
Neither of the propositions are tenable.
1st. The language of the statute is unambiguous, and leaves no room for construction. It does not say “in all garnishments hereafter issued,” but it declares in unequivocal language that “ hereafter in all cases where plaintiff desires to traverse, etc.” We think it bars the plaintiff’s rule if within its scope.
2d. Grant the theoretical correctness of the distinction between traverse and an attempt to hold the garnishee for not answering or evading — in other words, taking the interrogatories for confessed. The present case is clearly a traverse, because on the face of the interrogatories the garnishee cannot be made personally liable. There were three interrogatories, all of which were answered. To the first, as we have seen, the answer was that, as one of three liquidators, not individually, the garnishee controlled the assets of the company, that subsequently the assets, all of them, were taken from the board, of which he was one, by the court from which the garnishment issued, and he was therefore unable to give the list asked. Can it be contended, taking this answer for truth, the garnishee could be condemned personally ? We think not. The other interrogatories were answered No, and clearly such answer must be disproved before the garnishee can bo made liable.
Judgment affirmed.
Rehearing refused.